**FILED**
**March 3, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.H., K.H., and A.H.**

**No. 25-338** (Harrison County CC-17-2024-JA-54, CC-17-2024-JA-55, and CC-17-2024-JA-56)

## MEMORANDUM DECISION

Petitioner Mother M.H.[1] appeals the Circuit Court of Harrison County's April 23, 2025, order terminating her parental rights to L.H., K.H., and A.H., arguing that termination was not necessary for the welfare of the children. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2024, the DHS filed an abuse and neglect petition alleging that the petitioner exposed L.H., K.H., and A.H. to unsafe and unsanitary housing conditions and abused controlled substances. At a July 2024 adjudicatory hearing, the DHS presented exhibits including the petitioner's drug screens—testing positive for codeine, morphine, hydromorphone, amphetamine, and methamphetamine—and photographs showing the condition of the petitioner's home. The petitioner agreed that the exhibits were sufficient to prove the allegations in the petition, and, accordingly, the court adjudicated the petitioner of neglecting the children. Subsequently, the petitioner moved for and was granted a post-adjudicatory improvement period in August 2024. The terms of the improvement period required the petitioner to complete a parental fitness evaluation, abstain from using controlled substances, participate in random drug screening, attend parenting and life skills classes, and participate in individualized therapy and substance abuse treatment.

The circuit court held a dispositional hearing in April 2025. The petitioner was not present but was represented by counsel. The court took judicial notice of the prior proceedings and admitted a drug screen report for the petitioner into evidence without objection. The court then heard testimony from a Child Protective Services worker in favor of terminating the petitioner's parental rights.[2] Based upon the evidence presented, the court found that the petitioner had completed her parental fitness evaluation and parenting classes but had otherwise been

---

[1] The petitioner appears by counsel Julie N. Garvin. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel Ashley Joseph Smith appears as the children's guardian ad litem.

[2] The petitioner did not include a transcript of the dispositional hearing in the appendix record on appeal.

noncompliant with the terms of her improvement period. Specifically, the court found that the petitioner had missed thirty-five out of forty-seven drug screens (with the last being in September 2024), had not maintained contact with the DHS, and had stopped attending supervised visitation with her children approximately three weeks before the hearing. Additionally, the court found that the petitioner had been sending threatening messages to the children's placement during the proceedings. Based upon the foregoing, the circuit court concluded that the petitioner failed to remediate the conditions leading to the filing of the petition and, as a result, there was no reasonable likelihood that the petitioner could correct the conditions of neglect in the near future. The court further determined that termination of the petitioner's parental rights was in the best interests of the children, considering the children's need for permanency and stability, and that continuation in the petitioner's home would be contrary to the children's welfare. Accordingly, the court terminated the petitioner's parental rights to L.H., K.H., and A.H.[3] It is from this dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred in terminating her parental rights, asserting that termination was not necessary for the children's welfare or in the children's best interests. West Virginia Code § 49-4-604(c)(6) permits a court to terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, *when necessary for the welfare of the child*." (emphasis added). In support of her argument, the petitioner asserts that "termination does not provide any benefit to the best interests, or welfare, of the children, that is not also provided by" a guardianship pursuant to West Virginia Code § 49-4-604(c)(5). However, the petitioner fails to recognize that this dispositional alternative only provides a temporary placement for the children, while termination of parental rights allows for a permanent placement. *See* W. Va. Code § 49-4-604(c)(5) (allowing a circuit court to "commit the child[ren] *temporarily* to the care, custody, and control of the [DHS], a licensed private child welfare agency, or a suitable person who may be appointed guardian" (emphasis added)). Further, "the precedent of this Court supports the proposition that children are entitled to permanency to the greatest degree possible." *In re Isaiah A.*, 228 W. Va. 176, 182, 718 S.E.2d 775, 781 (2010). As such, the petitioner's assertion that a disposition pursuant to subsection (c)(5) would provide the same protection as termination of her parental rights is without merit.

Further, this Court's has consistently held that circuit courts may terminate parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). In the dispositional order, the court found that there was no reasonable likelihood that the petitioner could correct the conditions of neglect in the near future. This finding is supported by the record on appeal, and the petitioner does not argue that it was erroneous. In light of the foregoing, we

---

[3] The court also terminated the parental rights of the children's fathers. The permanency plan for the children is adoption in their current placement.

2

conclude that the circuit court did not err in terminating the petitioner's parental rights to the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 23, 2025, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III